13-2681-cv
Casagrande v. Siemens Corporation, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of May, two thousand fourteen.

Present:     JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
                     *Circuit Judges.*

_____

L. KEITH CASAGRANDE,

                 *Plaintiff-Appellant*,

          -v-                                          13-2681-cv

SIEMENS CORPORATION, SIEMENS ENERGY, INCORPORATED,
SIEMENS WESTINGHOUSE EXECUTIVE PENSION PLAN,
SIEMENS POWER GENERATION INC. EXECUTIVE PENSION PLAN,
ADMINISTRATIVE COMMITTEE OF SIEMENS CORPORATION,
BOARD OF DIRECTORS OF SIEMENS CORPORATION,

                 *Defendants-Appellees*.[*]

_____

Appearing for Appellant:     Kenneth F. McCallion, McCallion & Associates LLP, New York, N.Y.

Appearing for Appellees:     Helena Almeida, Siemens Corporation, New York, N.Y. (Dana Rust, McGuireWoods LLP, Richmond, VA, and Philip A. Goldstein, McGuireWoods LLP, New York, N.Y., *on the brief*)

_____

[*] The Clerk of the Court is directed to amend the caption as above.

Appeal from the United States District Court for the Southern District of New York (Berman, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant L. Keith Casagrande appeals from the June 11, 2013 judgment of the United States District Court for the Southern District of New York (Berman, *J.*), which was entered after a bench trial in this case that was brought under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

There is a preliminary issue regarding whether the 2002 or 2007 version of Siemens's Executive Pension Plan (the "EPP") applies in this case. In the pension benefits decision at issue here, the Administrative Committee of Siemens Corporation (the "Committee") referenced the EPP "as of 2002 and as amended and restated effective December 2007." In its analysis regarding Casagrande's ability to "buy back" certain years of service, the Committee applied a provision from the 2002 EPP. The district court concluded that the 2007 EPP was the operative plan. However, like the Committee, the district court applied the 2002 EPP to determine whether Casagrande could "buy back" certain years of service. On appeal, Casagrande primarily argues that the 2002 EPP applies in this case. In their appellate brief, defendants at times rely on the 2002 EPP, and at other times cite to the 2007 EPP. We need not resolve this issue because we conclude that under either plan the district court's judgment in favor of defendants must be affirmed.

After a bench trial in an ERISA case, "[w]e review the district court's findings of fact for clear error, and its conclusions of law *de novo*." *Harris Trust & Sav. Bank v. John Hancock Mut. Life Ins. Co.*, 302 F.3d 18, 26 (2d Cir. 2002) (citation omitted). "We review *de novo* the district court's application of [its factual] findings to draw the legal conclusion that the defendant's decision to deny benefits was not arbitrary or capricious." *Zuckerbrod v. Phoenix Mut. Life Ins. Co.*, 78 F.3d 46, 49 (2d Cir. 1996).

In this case, the district court did not err in granting deference to the Committee's pension benefits decision. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). The 2002 and 2007 EPPs contain language reserving to the Committee substantial discretion with respect to the administration, interpretation, and application of the provisions of the EPPs. Based on that language in the EPPs, the Committee's decision merited *Firestone* deference. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 763–64 (2d Cir. 2002).

Nor did the district court err in its conclusion that the Committee's pension benefits decision in this case was reasonable. First, in view of the years during which Casagrande worked for defendants and their predecessors, as well as the years during which he contributed to the applicable pension plan, it was not arbitrary or capricious for the Committee to conclude that Casagrande should be credited with 27.963 years of Executive Benefit Service. Second, it was reasonable for the Committee to conclude that the provisions in the 2002 EPP allowing executives to "buy back" prior years of service were not applicable to the years of service that Casagrande wanted to "buy back," namely 1985 to 1990. Third, the Committee did not act in an

2

arbitrary or capricious manner when it used a calculation based on the lump-sum amount that Casagrande received in 1992 as an offset against his EPP benefit.

With respect to the issue of whether Casagrande's 2010 bonus should have been included in his Average Annual Compensation, the district court dismissed that claim as unexhausted because Casagrande did not raise the issue with the Committee. While Casagrande mentioned his 2010 bonus in the facts section of his opening brief, he did not challenge the district court's decision that his claim was not exhausted. And Casagrande conceded in his reply brief that this issue was not exhausted. Accordingly, we will not address this issue on appeal. *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) (absent manifest injustice, "arguments not made in an appellant's opening brief are waived even if the appellant pursued those arguments in the district court").

Finally, Casagrande argues that the district court erred by not admitting into evidence documents that were outside of the administrative record, which is to say documents that were not considered by the Committee in its determination of plaintiff's executive pension benefit. He specifically takes issue with the district court's exclusion of the 1997 Westinghouse Executive Pension Plan. "[A] district court's review under the arbitrary and capricious standard is limited to the administrative record." *Miller v. United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995). Under *Miller*, the district court could not have properly admitted into evidence the 1997 Westinghouse Executive Pension Plan, as it appears that document was not considered by the Committee. If it was arbitrary or capricious for the Committee to have failed to adequately consider that document, it would have been "a useless formality" for the district court to remand this case to the Committee, *id.* (internal quotation marks omitted), because the 1997 Westinghouse Executive Pension Plan does not change the outcome here. In fact, the district court did consider the 1997 Westinghouse Executive Pension Plan, and did not conclude that it changed the outcome in this case. With respect to the "numerous other documents" that Casagrande contends were erroneously excluded from evidence by the district court, he has not stated with sufficient specificity why those documents should have been admitted, and we will not attempt to divine his arguments.

We have considered the remainder of Casagrande's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3